BOLIN, Judge.
Tony Dean Chatterson, two and one-half years old, received injuries to his right hand necessitating the amputation of a portion of his index and middle fingers. His father sued defendant for damages alleging the injuries were caused by defendant’s freight train negligently running over the child’s hand. From judgment rejecting plaintiff’s demand he has appealed.
In an exceptionally well-written opinion the trial judge outlined the evidence and correctly disposed of the only legal question involved. We think the ruling appealed from is correct and will briefly give our reasons therefor.
Tony lived with his parents in Bossier City, Louisiana. His father was temporarily unemployed, and his mother was working nights and sleeping during the days. On the day of the accident, Mr. Chatterson was caring for the children and while he was in the house with a smaller child, Tony wandered from his own back yard to a railroad track about a block away. About thirty minutes later his father found him coming toward home from the direction of the railroad tracks. He was holding both hands behind him, with blood on his body, but gave no audible signs of pain. Because of his immaturity he was incapable of giving any account of what happened to him. Portions of his fingers and bloodstains were located on the track from which it was deduced a train had run over his right fingers. There were no eyewitnesses to the accident.
The railroad tracks traversing the area where the injury occurred were being used by defendant and another railway company, and each company had a train passing the locale within thirty minutes apart. The only direct evidence connecting the defendant with the accident was the testimony of its engineer. He said he was .pulling a freight train approximately one mile long at *201 a very slow speed when he noticed a small boy on his side across a spur track from him and standing still in a pathway. At this point there was only one Negro house in the vicinity. He would not positively identify the boy but said he was white and he thought he was larger than Tony. He testified he merely called to the child in a loud voice, as was his custom, and warned him not to get too close to the tracks. The engineer said he looked back later and saw no movement by the boy toward the tracks from his place of apparent safety across the spur tracks from his train.
Defendant contends plaintiff has failed to show any negligence on its part and alternatively pleads contributory negligence. We think the lower court was eminently correct in holding no fault had been shown on defendant’s part. The only evidence that defendant’s employees saw a boy at or near the scene of the accident was testimony of defendant’s engineer. Assuming the boy he saw was Tony, the evidence is not convincing that defendant’s train caused the damage. Again assuming defendant’s train did cause the accident, there is no evidence of any negligence or breach of duty by defendant toward this small boy. The only case cited by appellants is Ryan v. Louisiana Ry. & Nav. Co., 146 La. 40, 83 So. 371 (1919). This case, clearly distinguishable from the case here under consideration, involved a four-year-old child who had been racing up and down a sidewalk near the track for an hour or more on his tricycle. The flagman stationed at the street crossing had seen the child all of this time, but when the train approached he disregarded the child until it was too late to prevent the accident. Under those circumstances the court held the flagman guilty of negligence; but there is nothing in this record to justify a holding that defendant has violated any duty.
We think the lower court correctly summarized the case as follows:
“As unfortunate and regrettable as this accident was this Court is of the opinion that plaintiff has failed to sustain the burden of proof required of him to prove the manner in which the child was injured, the negligence of the defendant, or the causal connection between any such negligence and the injury.”
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.